# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Douglas A. Wittstruck,                                    Civil No. 09-90 (DWF/RLE)

        Plaintiff,

v.                                                                          **MEMORANDUM OPINION AND ORDER**

Cloverleaf Cold Storage Co.,

        Defendant.

---

Angela M. Rouillard, Esq., Paul W. Iversen, Esq., and Richard A. Williams, Esq., Williams & Iversen, counsel for Plaintiff.

Christianna L. Finnern, Esq., Winthrop & Weinstine, PA, and Tamula R. Yelling, Esq., Constangy, Brooks & Smith, LLP, counsel for Defendant.

---

This matter is before the Court on a Motion for Summary Judgment brought by Defendant Cloverleaf Cold Storage Company[1] ("Cloverleaf"). The remaining Count of Plaintiff's Complaint[2] alleges that Defendant terminated Plaintiff from his employment in violation of the Age Discrimination in Employment Act (ADEA). For the reasons set forth below, Cloverleaf's motion is granted.

---

[1] Defendant's brief indicates that the properly named party should have been "Fairmont Refrigerated Service Company d/b/a Cloverleaf Cold Storage of Fairmont." (Doc. 13 at 5.)

[2] In his Responsive Brief, Plaintiff concedes that there is no genuine issue of material fact with respect to his claim brought under the Americans with Disabilities Act and thus that summary judgment is appropriate on that claim. (Doc. No. 25 at 2.)

**BACKGROUND**

Cloverleaf performs export operations at its warehouse facility in Fairmont, Minnesota. Cloverleaf hired Plaintiff as a general laborer on September 25, 2007. Plaintiff was fifty-three years old when he was hired. Plaintiff initially interviewed at Cloverleaf with Randy Weber, Plant Manager. During this interview, Plaintiff was apprised of the working conditions at Cloverleaf. Weber told Plaintiff that he would be working between a cold freezer and a dock and lifting boxes that weighed between five and fifty pounds. (Wittstruck Dep. at 70-71.) Although he initially began working on a part-time basis, on December 24 or 26, 2007, Plaintiff was placed on full-time status.

Cloverleaf's export operations include coordination among various entities, including the United States Department of Agriculture—Food Safety and Inspection Service. (Graham Decl. ¶ 2.) As part of Cloverleaf's export business, Cloverleaf employees prepare USDA-FSIS-controlled, pre-numbered form documents. Cloverleaf employees mark the cases in each export order with certain export numbers that match the control numbers on the USDA forms for that order. (Graham Decl. ¶ 2.) Cloverleaf's warehouse employees use ink stamps issued by the company's inspector-in-charge to mark an export number on every box. (*Id.* ¶ 3.) Failure to correctly mark an export case results in significant costs to Cloverleaf. (*Id.*) In order to avoid such potentially costly mistakes, Cloverleaf trains its employees as to how to test the stamps against the documents on the loading dock. (*Id.*)

During the course of his employment, Cloverleaf employees talked to Plaintiff for running into objects and mis-marking products. (Wittstruck Dep. at 125, 169.) At some point after Plaintiff's 90-day review with Cloverleaf, Randy Weber told Plaintiff that Plaintiff's job performance and work ethic was not up to Defendant's standards. (Wittstruck Dep. at 217-220.) Plaintiff disagreed with this assessment. (*Id*. at 218.)

In January 2008, Ron Graham, Cloverleaf's Regional Vice President who oversaw the Fairmount warehouse, visited the warehouse and observed Plaintiff placing the wrong export stamp on various products. (Graham Decl. ¶ 5.) Subsequently, Mr. Graham and Mr. Weber discussed Plaintiff's job performance and Mr. Graham insisted that Plaintiff be terminated. (*Id*.)

Cloverleaf terminated Plaintiff on January 24, 2008. Because Mr. Weber was not available to advise Plaintiff of the termination, Mr. Weber asked Robert Schuneman, Acting Dock Lead, to meet with Plaintiff. Mr. Schuneman and Lead Foreman Cameron Prindle met with Plaintiff to deliver the news about his termination. (Wittstruck Dep. at 222.) Plaintiff asserts that at that meeting, when he asked Mr. Schuneman why he was being terminated, Mr. Schuneman told him that he was "too slow on the floor" and that he "wasn't keeping up with the product." (*Id*. at 192-93.) Then, Plaintiff asserts that he asked Mr. Schuneman, "What about my age?" and Mr. Schuneman responded, "Well, you're kind of old to be working here, ain't you?" (*Id*. at 193.) Plaintiff has provided no evidence that he was replaced after his termination, and Cloverleaf asserts that Plaintiff was not replaced. (*Id.* at 155; Graham Decl. ¶ 7.)

On March 4, 2008, Plaintiff filed a Charge of Discrimination with the EEOC. (Compl. at 6.) Then, on January 16, 2009, Plaintiff filed his Complaint. (Doc. No. 1.)

**DISCUSSION**

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Although the Court must view the evidence in the light most favorable to the non-moving party, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), the party bearing the burden of proof at trial may not rest on the pleadings but rather must "designate specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The ADEA provides: "It shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "A plaintiff may establish [a] claim of intentional age discrimination through either direct evidence or indirect evidence." *King v. United States*, 553 F.3d 1156, 1160 (8th Cir. 2009).

Here, Plaintiff asserts that direct evidence of intentional age discrimination exists. Specifically, Plaintiff points to Schuneman's statement at Plaintiff's termination meeting that Plaintiff was "kind of old to be working here. . . ." (Wittstruck Dep. at 193.) The Eighth Circuit has held that "direct evidence" is evidence that shows "a specific link between the alleged discriminatory animus and the challenged decision, sufficient to

4

support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action." *Ramlet v. E.F. Johnson Co.*, 507 F.3d 1149, 1152 (8th Cir. 2007) (quotations and citation omitted). However, "[d]irect evidence does not include stray remarks in the workplace, statements by nondecision-makers, or statements by decision-makers unrelated to the decisional process itself." *Id.* at 1153 (quotations omitted). Graham, not Schuneman or Prindle, was the decision-maker regarding Plaintiff's termination.[3] (Graham Decl. ¶ 5.) As such, Plaintiff has not offered any direct evidence of discrimination.

When a plaintiff is unable to set forth direct evidence of discrimination, courts have traditionally applied the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[4] Under *McDonnell Douglas*, Plaintiff must first establish a *prima facie* case of age discrimination by demonstrating that (1) he was at least forty years old; (2) he was terminated; (3) he was meeting his employer's reasonable expectations at the time of his termination; and (4) he was replaced by someone substantially younger. *Roeben v. BG Excelsior Ltd. P'ship*, 545 F.3d 639, 642 (8th Cir. 2008) (citations omitted).

---

[3] In his Responsive Brief, Plaintiff implies that Randy Weber made the decision to terminate plaintiff, but offers no evidence to support this assertion. (Pl.'s Mem. in Opp. to Def.'s Mot. for Summ. J. at 6; *but see* Wittstruck Dep. at 100-101.)

[4] Although neither the Supreme Court nor the Eighth Circuit has definitively decided whether the evidentiary framework of *McDonnell Douglas* is appropriately employed in the ADEA context after the Supreme Court's decision *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343 (2009), courts have continued to apply *McDonnell Douglas* in this context. *See Rahlf v. Mo-Tech Corp., Inc.*, 2009 WL 5033955 at *2 (D. Minn. Dec. 15, 2009) (citing cases).

It is undisputed that Plaintiff meets the first and second prongs of his *prima facie* case. However, Plaintiff has failed to demonstrate that he was meeting his employer's reasonable expectations at the time of his termination. In addition, Plaintiff has provided no additional evidence to demonstrate that age was a factor in Cloverleaf's decision to terminate him. Plaintiff has not demonstrated that he was replaced by a younger person. In fact, Plaintiff has not even demonstrated that he was replaced at all. Moreover, even if Plaintiff could demonstrate a *prima facie* case, Cloverleaf has proffered a legitimate, non-discriminatory reason for Plaintiff's termination (poor performance). Plaintiff has not satisfied his burden to prove that Cloverleaf's proffered reason was a pretext and that its true motivation was discriminatory animus. *See Johnson v. AT&T Corp.*, 422 F.3d 756, 763 (8th Cir. 2005) ("The showing of pretext necessary to survive summary judgment requires more than merely discrediting an employer's asserted reasoning for terminating an employee . . . . [The plaintiff] is also required to show that the circumstances permit a reasonable inference" that the real reason he was terminated was because of discriminatory animus (citations omitted).) Other than Plaintiff's allegation of comments made by Schuneman, a non-decision maker, Plaintiff has offered no other evidence to demonstrate pretext.

For these reasons, the Court grants Cloverleaf's Motion for Summary Judgment. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment (Doc. No. [11]) is **GRANTED**.

2. The Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.

6

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: February 8, 2010         s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge